IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM CANNON and BARBARA CANNON,<br><br>Plaintiffs,<br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No.: 2:13-cv-186 DN<br><br>District Judge David Nuffer |

This case is a dispute between an insurer and an insured. Plaintiffs' William and Barbara Cannon claim Defendant State Farm Mutual Automobile Insurance Company failed to fulfill its obligations under the policy.

## STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "The standard for cross-motions for summary judgments is the same as for individual motions for summary judgment."[2] Thus, "[t]he court handles cross-motions as if they were two distinct, independent motions . . . [and] in evaluating each motion, the court must consider the facts and inferences in the light most favorable to the non-moving party."[3] Having reviewed the submissions,[4] the court GRANTS Defendant State Farm's Motion for Summary Judgment.

---

[1] Fed. R. Civ. P. 56(a).

[2] *Arnold Pontiac-GMC, Inc. v. Gen. Motors Corp.*, 700 F.Supp 838, 840 (1988) (internal citations omitted).

[3] *Id.*

[4] Defendant's Cross-Motion for Summary Judgment and Supporting Memorandum, docket no.12, filed May, 24, 2013; Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum, docket no. 13, filed May, 24, 2013; Plaintiff's Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment, docket no. 14, filed June 7, 2013; Defendant's Reply Memorandum in Support of Cross-Motion for Summary Judgment, docket

## UNDISPUTED MATERIAL FACTS

The following material facts are mostly undisputed in the briefing, but where facts offered were disputed, those disputes have been removed by editing and the undisputed portions remain.

1. On June 1, 2012, in Roy, Utah, Mr. Hood collided with Mrs. Cannon in an automobile and motor scooter accident.[5]

2. Mrs. Cannon was driving a motorcycle at the time of the collision.[6]

3. At the time of the collision, Mr. and Mrs. Cannon were married and have continued as such.[7]

4. As a result of the collision, Mrs. Cannon sustained injuries including the loss of her leg.[8]

5. Mr. Hood was determined to be at fault in the collision.[9]

6. At the time of the collision, Mr. Hood was insured by Progressive Insurance with liability limits of $300,000.[10]

7. At the time of the collision, Mr. and Mrs. Cannon were insured by State Farm Mutual Automobile Insurance Company.[11]

---

no. 15, filed, June 24, 2013; Defendant's Memorandum in Opposition to Plaintiffs' Cross-Motion for Summary Judgment, docket no. 16, filed June 25, 2013; Plaintiffs' Reply Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment, docket no. 17, filed June 27, 2013.

[5] Defendant's Memorandum in Opposition to Plaintiffs' Cross-Motion for Summary Judgment at 2.

[6] Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum at 2.

[7] *Id.* at 3.

[8] Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum at 3.

[9] *Id.*

[10] Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum at 3.

[11] *Id.*

8. Mr. and Mrs. Cannon submitted claims to State Farm Mutual Automobile Insurance Company for their Underinsured Motorist ("UIM") policy limits.[12]

9. On October 5, 2012, State Farm Mutual Automobile Insurance Company paid $50,000 under the underinsured motorist policy, plus $1,000,000 under an umbrella/personal liability umbrella policy.[13]

10. On October 22, 2012, Mr. and Mrs. Cannon, through counsel, sent a letter to State Farm responding to State Farm's denial of coverage for Mr. Cannon's loss of consortium claim as stated in State Farm's letter dated October 5, 2012.[14]

11. On October 26, 2012, State Farm responded to the letter from Mr. and Mrs. Cannon, through counsel, dated October 22, 2012.[15]

12. On November 7, 2012, Mr. and Mrs. Cannon, through counsel, responded to State Farm's letter dated October 26, 2012.[16]

13. In December 2012, Progressive Insurance paid its policy limit in the sum of $300,000 in return for a release executed by Mr. and Mrs. Cannon.[17]

---

[12] Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum at 3.

[13] Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum at 3. *See also* Letter from Brian Milne, Claim Representative from State Farm, to Joseph W. Steele (Oct. 5, 2012), docket no. 12-1, attached as Exhibit B to Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum.

[14] Letter from Joseph W. Steele, Plaintiffs' Counsel, to Brian Milne, Claim Representative from State Farm (Oct. 22, 2012), docket no.14-1attached as Exhibit A to Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment.

[15] Letter from Brian Milne, Claim Representative from State Farm, to Joseph W. Steele, Plaintiffs' Counsel (Oct. 26, 2012), docket no. 14-2 attached as Exhibit B to Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment.

[16] Letter from Kenneth D. Lougee and Joseph W. Steele, Plaintiffs' Counsel, to Brian Milne, Claim Representative from State Farm (Nov. 7, 2012), docket no. 14-3 attached as Exhibit C to Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment.

[17] Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum, at 3; Utah Code Ann. § 30-2-11(1)(a).

14. Mrs. Cannon's loss of a leg constitutes a significant permanent injury as set forth in the Utah loss of consortium statute, Utah Code Ann. § 30-2-11(1)(a).[18]

15. Mr. Cannon is listed as a named insured on the Declarations Page of the Underinsured Motorist policy.[19]

16. Mrs. Cannon is an insured as defined in State Farm Mutual Automobile Insurance Company Underinsured Motorist policy because she is, and at all relevant times was, the resident relative of the named insured, Mr. Cannon, and she was injured while operating the insured vehicle.[20]

17. Mr. and Mrs. Cannon's insurance policy defines "bodily injury" as "bodily injury to a human being and sickness, disease or death that results from it."[21]

## OVERVIEW OF ISSUES

Plaintiffs William Cannon and Barbara Cannon (the Cannons) moved for summary judgment claiming Defendant State Farm breached its contract by refusing to pay Plaintiff William Cannon's claim of loss of consortium. In support of their claim, the Cannons assert State Farm's UIM policy is ambiguous. The Cannons compare the UIM sections under the headings "Insurance Agreement" and "Limits" to support their claim the policy is ambiguous. The Cannons also assert the policy language is inconsistent with Utah law which provides for loss of consortium as a separate and distinct personal claim and that the policy ignores a distinction between "claims" and "damages."

---

[18] Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum at 3.

[19] Declarations Page, docket no. 13-3 attached as Exhibit C to Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum.

[20] Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum at 4.

[21] Defendant's Memorandum in Opposition to Plaintiffs' Cross-Motion for Summary Judgment at 4.

Defendant State Farm moved for summary judgment claiming it had fulfilled its obligations under the policy. State Farm asserts the policy precludes UIM coverage for claims of loss of consortium where there is no bodily injury to the insured making the claim. Further, State Farm asserts that Utah case law precludes loss of consortium claimants from receiving a separate policy limit and that the policy language limits derivative claims to the per person policy limit that State Farm has already paid to the Cannons.

For the reasons set forth below, the Court finds that (1) the policy language limits derivative claims to the per person limit provided in the policy, (2) the policy language itself does not include loss of consortium as a bodily injury, and (3) Utah case law precludes loss of consortium claimants from receiving a separate policy limit.

## Construction of Insurance Policies

"An insurance policy is a contract between the insurer and the insured and, accordingly, is subject to the general rules of contract construction."[22] "Courts interpret words in insurance policies according to their usually accepted meanings and in light of the insurance policy as a whole."[23] Further, "an insured is entitled to the broadest protection reasonably understood to be provided by the policy."[24]

## State Farm's Policy Language Limits Derivative Claims to the Per Person Limit Provided in the Policy

The relevant section of the policy providing the limits on UIM payments states:

a. The most *we* will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury*** is the lessor of:

---

[22]*S.W. Energy Corp. v. Continental Ins. Co.*, 1999 UT 23, ¶ 12, 974 P.2d 1239.

[23]*Utah Farm Bureau Ins. Co. v. Crook*, 1999 UT 47, ¶ 5, 980 P.2d 685.

[24]*State Farm Mutual Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 23, 89 P.3d 97, 103 (internal citation omitted).

> (1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
> (2) the limit shown under "Each Person".[25]

Mr. Cannon's claim for loss of consortium is a derivative claim as defined by Utah Code 30-2-11(5)(a)[26] and is based on Mrs. Cannon's bodily injury. The claim for loss of consortium by Mr. Cannon is "a result of [Mrs. Cannon's] bodily injury."[27] Because Mr. Cannon's claim for loss of consortium is based on Mrs. Cannon's bodily injury, the policy states "[t]he most *we* will pay for all damages resulting from ***bodily injury***"[28] is the UIM policy limit. The UIM policy limit in the policy is $50,000 and State Farm has tendered a check in the amount of $50,000 to the Cannons.[29]

The Cannons contend ambiguity arises when the UIM Limits are read together with the UIM Insuring Agreement. The Cannons maintain that these sections, when read together, effectively deny a separate payment for the per person injury claims and derivative claims. The Cannons assert that this interpretation of the contract creates a conflict between the UIM Insuring Agreement section and UIM Limit section and "[f]or

---

[25] State Farm Policy, docket no. 13-1 at 11, attached as Exhibit A to Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum.

[26] Utah Code Ann. § 30-2-11(5)(a) states a "spouse's action for loss of consortium shall be derivative from the cause of action existing in behalf of the injured person."

[27] State Farm Policy, docket no. 13-1 at 11, attached as Exhibit A to Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum.

[28] *Id.* (emphasis in original).

[29] Letter from Brian Milne, Claim Representative from State Farm, to Joseph W. Steele (Oct. 5, 2012), docket no. 12-1, attached as Exhibit B to Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum; *see also* Plaintiffs' Memorandum in Opposition to Defendant's Cross-Motion for Summary Judgment at 3 (plaintiffs admitting that defendant tendered a check in the amount of $50,000 but denying implication that Plaintiffs "somehow acquiesced to Defendant's explanation for the denial of Mr. Cannon's loss of consortium claim.").

this reason alone, the Court should construe this policy language in favor of coverage."[30] Additionally, the Cannons assert the policy is ambiguous because these two provisions "when read together, give rise to different or inconsistent meanings, even though each provision is clear when read alone."[31]

The UIM Insuring Agreement provides that compensatory damages will be paid for bodily injury.[32] The UIM Insuring Agreement continues with two further conditions: (1) the bodily injury must be sustained by an insured; and (2) the bodily injury must be caused by an accident that involves the operation, maintenance, or use of an underinsured motor vehicle as a motor vehicle.[33] The Cannons assert Mr. Cannon's loss of consortium fits within the conditions of the UIM Insuring Agreement because: (1) Mr. Cannon is seeking compensatory damages for loss of consortium and is legally entitled to collect these damages from an underinsured motorist who injured Mrs. Cannon; (2) the damages arise out of a bodily injury sustained by an insured because the bodily injury was sustained by Mrs. Cannon; and (3) the accident involved the operation or use of an underinsured motor vehicle as a motor vehicle.[34]

The Cannons further assert that the UIM Limits section makes the UIM Insuring Agreement section ambiguous when read together because the UIM Limits section "operates to exclude Mr. Cannon from a separate policy limit for his loss of consortium claim—an interpretation that, if correct, produces a different result than the language [of

---

[30] Plaintiffs' Cross-Motion for Summary Judgment and Memorandum in Support at 8.

[31] *Id.* at 6 (quoting *Farmers Ins. Exch. v. Versaw*, 99 P.3d 796 (Utah 2004) (internal citations omitted)).

[32] State Farm Policy, docket no. 13-1 at 10, attached as Exhibit A to Plaintiffs' Cross-Motion for Summary Judgment and Supporting Memorandum.

[33] *Id.*

[34] *See* Plaintiffs' Cross-Motion for Summary Judgment and Memorandum in Support at 7.

the UIM Insuring Agreement]."[35] Further, the Cannons assert the policy is ambiguous because State Farm "will pay one 'Each Person' limit for all categories or types of damages, including those of other insureds, due to bodily injury sustained by one insured."[36] They say the ambiguity arises because the policy uses the word 'damages' as opposed to 'claim'. This is a strained reading of the policy.

Thus, State Farm has fulfilled its contractual obligations to the Cannons by payment of $50,000 as the per person UIM policy limit.[37]

### State Farm's Policy Language Provides UIM Coverage for Damages for Bodily Injury and Loss of Consortium is not a Bodily Injury

The relevant section of the policy providing the insuring agreement for UIM coverage states:

> *We* will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:
>
> 1. sustained by an ***insured***; and
> 2. caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.[38]

Mr. and Mrs. Cannon's policy provides a definitions section which is located immediately following the table of contents and description of the policy terms including the UIM section.[39] The definitions section provides that "certain words and phrases [should be

---

[35] *Id.* at 8.

[36] *Id.*

[37] *See* Letter from Brian Milne, Claim Representative from State Farm, to Joseph W. Steele (Oct. 5, 2012), docket no. 12-1, attached as Exhibit B to Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum.

[38] State Farm Policy, docket no. 13-1 at 10, attached as Exhibit A to Plaintiffs' Cross Motion for Summary Judgment and Supporting Memorandum.

[39] *See* State Farm Policy, docket no. 13-1 at 4, attached as Exhibit A to Plaintiffs' Cross Motion for Summary Judgment and Supporting Memorandum.

used] throughout the policy,"[40] which would be consistent with basic contract interpretation. The definition section defines bodily injury: "**Bodily Injury** means bodily injury to a *person* and sickness, disease, or death that results from it."[41] Neither the Cannons nor State Farm argue that Mr. Cannon was involved in any way in the collision. Further, neither party disputes that Mr. Cannon's claim to State Farm is for loss of consortium. The language of the policy states "[w]e will pay compensatory damages for bodily injury"[42] and when read together with the definition as provided in the definition section of the policy would read "we will pay compensatory damages for bodily injury [meaning] bodily injury to a person and sickness, disease, or death that results from it." According to the definitions provided by the policy, Mr. Cannon did not have a bodily injury and thus did not suffer sickness, disease, or death resulting from his loss of consortium. Thus, Mr. Cannon did not suffer a bodily injury as defined in the policy and thus is not entitled to compensatory damages.

This result is further supported by language in *Progressive Casualty Ins. Co. v. Ewart* in which the Utah Supreme Court held "that where a loss of consortium claim is not a claim for bodily injury, it is not subject to the minimum liability limits imposed upon insurers for bodily injury claims."[43] Although the issue in *Ewart* is "whether Utah law imposes an obligation on insurers to provide a separate liability limit for loss of consortium claims,"[44] the Utah Supreme Court's discussion of whether loss of consortium is a bodily injury is instructive: "'Bodily injury' should not be construed broadly enough to encompass a loss of consortium claim as the

---

[40] *Id.*

[41] *Id.*

[42] State Farm Policy, docket no. 13-1 at 10, attached as Exhibit A to Plaintiffs' Cross Motion for Summary Judgment and Supporting Memorandum.

[43] 2007 UT 52, ¶ 1, 167 P.3d 1011.

[44] *Id.* at ¶ 12. In *Ewart*, the parties stipulated that the policy language was unambiguous so the issue before the court was to determine what coverage was statutorily mandated, not what the policy provided.

[policy holder] would have us conclude. First, 'bodily' is commonly understood to refer to, simply, the 'body,' and . . .[a] loss of consortium claim in no way involves a bodily injury to [the policy holder's spouse]."[45]

Thus, Mr. Cannon's claim for loss of consortium is not a bodily injury and therefore not covered within the policy's UIM Insuring Agreement.

## Loss of Consortium Claimants May Not Receive a Separate Policy Limit

In *Ewart*, Mr. Ewart sustained an injury in an accident caused by another driver and made a claim for his injury to the tortfeasor's insurer.[46] Mrs. Ewart was not in the car at the time of the accident but made a separate claim to the tortfeasor's insurer for loss of consortium.[47] The insurer offered to settle with Mr. Ewart for the single person policy limit, but refused to cover the loss of consortium claim by Mrs. Ewart.[48] The insurer argued the total limit of liability coverage for Mr. and Mrs. Ewarts' claims should be the per person limit because both claims arose out of a single bodily injury sustained only by Mr. Ewart.[49] The Ewarts' maintained the insurer was required to provide separate limits to Mr. Ewart for his bodily injury claim and Mrs. Ewart for her loss of consortium claim.[50] The Court concluded that Mrs. Ewart's loss of consortium claim did not have its own liability limit separate from the limit applicable to her husband's bodily injury claim because "Utah's minimum mandatory limits for liability coverage are tied to the number of bodily injuries or deaths sustained in a motor vehicle accident, not the number of

---

[45]*Id.* at ¶ 19.

[46]*Id.* at ¶ 3.

[47]*Id.* at ¶ 4.

[48]*Id.* at ¶ 5.

[49]*Id.* at ¶ 6.

[50]*Id.*

claims that arise from it."[51] Because Mr. Cannon's claim for loss of consortium arises out of a single bodily injury to Mrs. Cannon, Mr. Cannon is not entitled to a separate UIM policy limit.

Thus, Mr. Cannon is not entitled to a separate policy limit for Mrs. Cannon's bodily injury.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's Cross-Motion for Summary Judgment[52] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' William Cannon and Barbara Cannon's Cross-Motion for Summary Judgment[53] is DENIED.

IT IS FURTHER ORDERED that SUMMARY JUDGMENT is ENTERED in favor of Defendant State Farm Mutual Automobile Insurance Company in this case.

IT IS FURTHER ORDERED that the clerk of the court close this case.

Dated October 7, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[51] *Id.* at Heading II prior to ¶ 16.

[52] Defendants' Cross-Motion for Summary Judgment and Supporting Memorandum.

[53] Plaintiffs' Cross-Motion for Summary Judgment and Memorandum in Support.